**The court incorporates by reference in this paragraph the Judgment set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



John P. Gustafson
United States Bankruptcy Judge

**Dated: September 30 2014**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-32350 |
| | ) | |
| Piaj E. Hunter | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE JOHN P. GUSTAFSON |

### ORDER DENYING DEBTOR'S MOTION TO AVOID LIEN WITH JAMES RISK

This case came before the court on September 26, 2014 on Debtor's Motion to Avoid Lien ("Motion") with James Risk ("Creditor"), and Creditor's "Motion to Objection to Avoidance of Lien and Discharge of Debt." [Doc. ## 8, 12]. Counsel for Debtor, Debtor, Counsel for Creditor, and Creditor all appeared in person at the hearing.

On March 3, 2009, Debtor obtained title, via quit-claim deed, to Lots Nos. 69, 70, & 71 ("the Sandusky Property") on Hancock St., Sandusky, Ohio. On December 11, 2012, Debtor quit-claimed title to the Sandusky Property to his father, Ozeal Hunter, Sr., and the deed was recorded on December 12, 2012. [Doc. # 12, Exhibit]. On March 28, 2013, judgment in a breach of contract suit in the amount of $16,458.07 was rendered against Debtor and in favor of Creditor. On April 22, 2013, Creditor filed a certificate of judgment against Debtor with the Erie County, Ohio Clerk of Courts. [*Id.*]. On June 20, 2014, Ozeal Hunter, Sr. transferred title to the Sandusky Property back to Debtor, and on June 25, 2014, Debtor filed his Chapter 7 bankruptcy petition in this court. On August 19, 2014, Debtor filed his Motion to avoid the

Creditor's lien under 11 U.S.C. Section 522(f), and on September 3, 2014, Creditor filed his Objection.

Section 522(f)(1) provides, in relevant part:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–
>
> (A) a judicial lien, . . .

In order for a Debtor to avoid a lien under Section 522(f)(1), "as a prerequisite to a lien's avoidance, the debtor [must] have an interest in the liened property at the time the lien arises." *In re Pees,* 2013 WL 3808153 (Bankr. N.D. Ohio July 22, 2013). Here, at the time Creditor obtained a judgment against the Debtor and filed his certificate of judgment in Erie County, Debtor had no interest in the Sandusky Property, as the property had been quit-claimed to Debtor's father four months prior. This result conforms to O.R.C. § 2329.02, the statute that governs the creation of judgment liens in Ohio. This section of the Ohio Revised Code has been held not to apply to after acquired property. *Bank of Ohio v. Lawrence,* 161 Ohio St. 543, 548, 120 N.E.2d 88, 91 (1954)(addressing the predecessor to § 2329.02 and stating that "by every legal intendment the lien of the judgment fixes in praesenti, not in futuro.")

Because Debtor had no interest in the Sandusky Property at the time Creditor filed his certificate of judgment, the lien did not attach to the Sandusky Property. Additionally, the lien did not attach to the after-acquired Sandusky Property when it was transferred from Ozeal Hunter, Sr. to Debtor on June 20, 2014.

Therefore, for good cause appearing,

**IT IS ORDERED** that the Debtor's Motion to Avoid Lien with James Risk, be and hereby is hereby **DENIED** as moot, as Creditor's judgment lien never attached to Debtor's after-acquired Sandusky Property.

###